Hon.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ELIZABETH SOWA,<br><br>    Plaintiff,<br><br>v.<br><br>RING AND PINION SERVICE, INC., d.b.a. RANDYS WORLDWIDE SERVICE,<br><br>    Defendant. | No.<br><br>COMPLAINT<br><br>**JURY DEMAND** |

## I.    NATURE OF CASE

1.1    Plaintiff Elizabeth Sowa brings this action for damages against Ring and Pinion Service, Inc., doing business as RANDYS Worldwide Service in Everett, Washington. RANDYS terminated Ms. Sowa's employment just three months after disclosed that she was pregnant and shorty after requesting intermittent leave due to her pregnancy and taking time off for that reason. Throughout Ms. Sowa's employment, and even on her last day, RANDYS had consistently praised her work, promoted her, and was openly discussing another promotion. But everything changed once RANDYS found out she was pregnant. RANDYS stalled conversations about any further promotion. On December 14, 2020, Ms. Sowa formally submitted her request for intermittent medical leave. Later that day, RANDYS terminated her employment.

1.2    As set forth in further detail below, RANDYS' decision to terminate Ms. Sowa's employment violated federal and state leave laws, anti-discrimination laws, and disability and pregnancy accommodations laws.

COMPLAINT - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19058.00 oc302201

## II.   PARTIES

2.1   Plaintiff Elizabeth Sowa is an individual residing within the Western District of Washington. At all times relevant, Ms. Sowa was an "employee" of the Defendant within the meaning of state and federal leave laws, anti-discrimination laws, and disability and pregnancy accommodations laws.

2.2   Defendant Ring and Pinion Service, Inc. (d.b.a. RANDYS Worldwide Service) is a Washington corporation doing business within the Western District of Washington and with its corporate headquarters located in Everett, Washington. At all times relevant, Ring and Pinion Service, Inc. (referred to herein as "RANDYS") was an "employer" of the Plaintiff within the meaning of state and federal leave laws, anti-discrimination laws, and pregnancy accommodations laws.

## III.   JURISDICTION AND VENUE

3.1   This Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as all claims arise out of a common nucleus of operative fact.

3.2   Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Western District of Washington.

## IV.   FACTS

4.1   In March 2017, RANDYS hired Plaintiff Elizabeth Sowa as the "Will Call and Returns Associate." RANDYS praised her exceptional performance. Ms. Sowa received recognition and thanks from supervisors, co-workers, and customers.

4.2   In 2017, RANDYS promoted Ms. Sowa to Warranty and Returns Supervisor, and raised her salary.

4.3   Over the next two years, RANDYS groomed Ms. Sowa for a long future with the company, having her assist with various warehouse functions and occasionally managing another

COMPLAINT - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19058.00 oc302201

Washington location on a temporary basis to train her to eventually become a "Distribution Manager."

4.4  In February 2020, RANDYS hired a new Chief Operating Officer, Ted Caldwell.

4.5  Soon thereafter, the COVID pandemic caused a series of government-ordered shutdowns. RANDYS, anticipating an economic slowdown, cut some staff, but retained Ms. Sowa. The slowdown never really affected RANDYS business as anticipated, and, if anything, the workload increased. RANDYS assigned more and more work to Ms. Sowa, including assisting the production team and the warehouse supervisor.

4.6  Soon thereafter, RANDYS tasked Ms. Sowa with both running the warehouse and managing the returns and warranty department and gave her yet another raise. Ms. Sowa worked hard and continued to perform her job well.

4.7  Toward the end of June 2020, Mr. Caldwell approached Ms. Sowa about moving into a more "planning driven" part of the company that he was putting together, and even mentioned the possible title of "Master Planner/Scheduler." He complimented Ms. Sowa for being a huge asset to the company.

4.8  At the end of July 2020, RANDYS gave Ms. Sowa the opportunity to work on the sales floor with the new Director of Distribution Operations, though she continued to manage the Warranty and Returns Department.

4.9  In August 2020, COO Ted Caldwell had several conversations with Ms. Sowa and the Director of Distribution Operations about how to transition her into her new planning role. Ms. Sowa was very excited and happy to be so valued at the company and was looking forward to new opportunities.

4.10  In mid-August, Ms. Sowa became ill and missed a day or two of work. She learned that she was in fact pregnant. Ms. Sowa was thrilled.

4.11  In mid-September, Ms. Sowa informed RANDYS of her pregnancy in a conversation with Human Resources Manager Kelli Schnurman, Mr. Caldwell, and the Director of Distribution Operations. She requested FMLA (leave) paperwork because she knew that she

COMPLAINT - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19058.00 oc302201

would need intermittent time off because of pregnancy-related health issues and complications as well as her eventual maternity leave.

4.12   Immediately following her announcement, everything changed. Several times Ms. Sowa asked to meet with Mr. Caldwell about the new position and title, but Mr. Caldwell gave vague answers or set a meeting with her only to cancel it.  Meanwhile, Ms. Sowa was busier than ever.

4.13   On Friday, December 11, 2020, Ms. Sowa was absent from work due to her pregnancy or a pregnancy-related health condition. She notified RANDYS she was ill and would not be at work that day.

4.14   On Monday, December 14, 2020, Ms. Sowa submitted her FMLA paperwork requesting intermittent leave and time off for her maternity leave.

4.15   That afternoon, Mr. Caldwell called Ms. Sowa into a meeting. When she arrived, he took her to a conference room where Human Resources Manager Kelli Schnurman was waiting. Mr. Caldwell then thanked Ms. Sowa for doing such a great job for the company and told her that the company was unable to budget the position they had discussed, so they were terminating her employment. Ms. Sowa pointed out that she had never even started the new position and asked whether she could just continue in her current role. Mr. Caldwell said, "that's not an option," but did not explain further. He stood up and left the room.

4.16   Ms. Schnurman then handed Ms. Sowa a proposed severance agreement and told her she would need to sign within 7 days to accept. Ms. Schnurman then provided Ms. Sowa with a copy of an illegal non-competition agreement that RANDYS had required Ms. Sowa to sign when she began her employment. Ms. Shurman then escorted her out of the building.

4.17   Defendant terminated Ms. Sowa's employment for discriminatory and retaliatory reasons, and in violation of the federal and state law.

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19058.00 oc302201

## V.   CLAIMS

5.1   <u>Federal Family and Medical Leave Act</u>: The facts described above constitute violations of the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

5.2   <u>Washington Law Against Discrimination</u>: The facts described above constitute violations of the Washington Law Against Discrimination, RCW 49.60.

5.3   <u>Washington Paid Family Medical Leave Act</u>: The facts described above constitute violations of the Washington Paid Family Medical Leave Act, RCW 50A.

5.4   <u>Washington Healthy Starts Act</u>: The facts described above constitute violations of the Washington Healthy Starts Act, RCW 43.10.005.

5.5   Plaintiff reserves her right to assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Pregnancy Discrimination Act of 1978, after she exhausts administrative remedies by filing an administrative charge with the Equal Employment Opportunity Commission and receives a right to sue letter.

## VI.   DAMAGES

6.1   Defendant's violations of the state and federal law, as described above, proximately caused Ms. Sowa damages, including but not limited to emotional harm and economic damages. She seeks all damages and remedies available under the law.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment and other relief against Defendant as follows:

7.1   Awarding plaintiff general and special damages, in an amount to be proven at trial.

7.2   Awarding plaintiff liquidated damages under 298 U.S.C. § 2617 and applicable state law.

7.3   Awarding plaintiff her reasonable attorney's fees and costs.

7.4   Awarding plaintiff pre-judgment interest on any liquidated amounts.

COMPLAINT - 5

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19058.00 oc302201

7.5     Awarding plaintiff post-judgment interest on any amounts recovered from the time of judgment to the time of satisfaction of judgment.

7.6     Awarding plaintiff an offset for the adverse tax consequences of the judgment.

7.7     The right to amend the complaint to conform to the proof offered at trial.

7.8     Other further and additional relief that the Court deems just and equitable.

7.9     Plaintiff reserves her right to amend this complaint to seek punitive damages under after she exhausts administrative remedies by filing an administrative charge with the Equal Employment Opportunity Commission and receives a right to sue letter.

DATED this 6th day of April, 2021.

MacDONALD HOAGUE & BAYLESS

By:  *s/ Joe Shaeffer*
Joe Shaeffer, WSBA #33273
705 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 622-1604
joe@mhb.com

*Attorneys for Plaintiff*

MacDONALD HOAGUE & BAYLESS

By:  *s/ Katherine Chamberlain*
Katherine Chamberlain, WSBA #40014
705 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 622-1604
katherinec@mhb.com

*Attorneys for Plaintiff*

COMPLAINT - 6

19058.00 oc302201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961