UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH SOWA,

                Plaintiff,

    v.

RING AND PINION SERVICE INC d/b/a RANDY'S WORLDWIDE SERVICE,

                Defendant.

CASE NO. 2:21-cv-00459-RAJ-BAT

**ORDER GRANTING MOTION TO AMEND COMPLAINT**

Plaintiff Elizabeth Sowa requests leave to file a First Amended Complaint to add claims under Title VII and RCW 49.62, and to modify and add factual allegations. Dkt. 14; Dkt. 16 (Declaration of Joe Shaeffer, Exh. 1 (redlined version); Exh. 2 (signed First Amended Complaint). Defendant did not file any brief in opposition.

Plaintiff filed this action on April 6, 2021. Dkt. 1. Defendant filed an answer on May 18, 2021. In the meantime, Plaintiff filed a charge with the EEOC, a prerequisite to bringing claims under Title VII of the Civil Rights Act of 1964 and has received a Notice of Right to Sue letter. Dkt. 11, Ex. 4. The Court has not yet issued a Scheduling Order and therefore, there is no deadline for amendment of pleadings.

"The court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's instruction to freely give leave to amend is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The

ORDER GRANTING MOTION TO AMEND
COMPLAINT - 1

Supreme Court has identified the following, very limited set of circumstances under which leave should not be granted: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[P]rejudice to the opposing party carries the greatest weight," and "absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

No prejudice to the opposing party will result from the amendment sought here, nor are any of the other *Foman* factors applicable. This case is extremely early in litigation, and the parties have only recently exchanged initial disclosures. Plaintiff seeks to add two new claims that arise out of the same facts alleged in her original complaint, a Title VII claim that needed to be exhausted through the EEOC prior to filing, and a claim under Washington's new statute governing non-competition agreements, RCW 49.62. And, Defendant does not oppose the amendment.

Accordingly, it is **ORDERED** that Plaintiff's motion to amend (Dkt. 14) is **GRANTED**; the Clerk is directed to file the First Amended Complaint at Dkt. 16 (pages 14-19).

DATED this 12th day of July, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge