UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH SOWA,

                    Plaintiff,

    v.

RING AND PINION SERVICE INC d/b/a
RANDY'S WORLDWIDE SERVICE,

                Defendant.

CASE NO. 2:21-cv-00459-RAJ-BAT

**REPORT AND
RECOMMENDATION**

Defendant Ring & Pinion Service Inc., d/b/a RANDYS Worldwide ("RANDYS") moves the Court for an order dismissing Plaintiff's new claim (included in her First Amended Complaint (Dkt. 21)), that RANDYS violated RCW 49.62, which prohibits employers from enforcing non-competition agreements on employees earning less than $100,000.00. Dkt. 23.

Having carefully reviewed the First Amended Complaint, Plaintiff's response (Dkt. 28), and Defendant's reply (Dkt. 30), the undersigned recommends that the motion to dismiss be granted.

BACKGROUND

This case arises out of RANDYS' termination of Plaintiff's employment in December 2020. Plaintiff claims she was terminated because she was pregnant, and in April 2021, she filed this lawsuit alleging various state and federal claims of discrimination and retaliation. On July 14, 2021, the undersigned recommended the Court grant RANDYS' motion compelling arbitration of these claims. Dkt. 22. The order has not been finalized.

REPORT AND RECOMMENDATION - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

While the motion to compel arbitration was pending, Plaintiff sought leave and filed a First Amended Complaint, in which she seeks statutory damages for RANDYS' alleged violation of RCW 49.62. Dkt. 21. Pursuant to that statute, as of January 1, 2020, non-compete agreements only apply to employees earning more than $100,000 per year. RCW 49.62.020(b). Plaintiff alleges that when she was hired by RANDYS in March 2017, she signed various documents, including the non-compete agreement at issue here (the "Non-Compete Agreement"). Dkt. 21, ¶ 4.1; *see also* Dkt. 1 (original Complaint).

RANDYS seeks dismissal of the claim that it violated RCW 49.62 pursuant to Civil Rule 12(b)(6). RANDYS argues that Plaintiff cannot present a cognizable claim for relief because RANDYS not a "party seeking enforcement" as that term is defined in RCW 49.62, it has not taken any steps to enforce the Non-Compete Agreement, and Plaintiff has alleged no actual damages. Dkt. 23.

<u>FACTUAL ALLEGATIONS</u>

RANDYS hired Plaintiff in March 2017. Dkt. 21, ¶ 4.1. On her first day at work, Plaintiff signed multiple documents, including an Arbitration Agreement and the Non-Compete Agreement. *Id.*, ¶ 4.2.[1] Plaintiff's salary was less than $100,000 per year. *Id.* In December 2020, Plaintiff's position was eliminated, and her employment was terminated. *Id.*, ¶ 4.15.

On Plaintiff's last day, RANDYS' Human Resources Manager Kelli Schnurman handed Plaintiff a proposed severance agreement and copies of the paperwork Plaintiff signed in 2017, which included the Non-Compete Agreement. Dkt. 21, ¶ 4.16. Ms. Schnurman indicated that Plaintiff needed to follow the terms of the Non-Compete Agreement and that she could not work

---

[1] The Non-Competition and Non-Solicitation Agreements are not subject to the parties' Arbitration Agreement.

for any competitor of RANDYS anywhere in the country for a period of 18 months. *Id.* The proposed separation agreement given to Plaintiff conditions her acceptance of a severance on her acknowledgement and agreement that she remains "bound by the [Non-Compete Agreement]" and a "breach of such agreement(s)" would be considered a breach of the separation agreement. Dkt. 29, Ex. 1, p. 3. The separation agreement is not signed by Plaintiff. *Id.* Four months after her termination, Plaintiff filed the original complaint in this action, alleging that on the day she was terminated, Ms. Schnurman handed her a copy of "an illegal non-competition agreement that RANDYS had required [her] to sign when she began her employment." Dkt. 1, ¶ 4.16. Plaintiff did not allege a violation of RCW 49.62 at that time or allege that RANDYS was attempting to enforce the Non-Compete Agreement.

Likewise, in her First Amended Complaint, Plaintiff does not allege that RANDYS has taken any action to enforce the Non-Compete Agreement. Plaintiff seeks an award of statutory damages of $5,000.00 pursuant to RCW 49.62.080.[2] Dkt. 21, ¶ 7.3.

DISCUSSION

A.    Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

---

[2] Pursuant to RCW 49.62.080, the Court is to award the greater of $5,000 or the aggrieved party's actual damages.

REPORT AND RECOMMENDATION - 3

1    (internal citations omitted). A plaintiff must plead "factual content that allows the court to draw a

2    reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*,

3    550 U.S. at 556). Further, while the Court must accept the well pled factual allegations in the

4    complaint as true when ruling on a motion to dismiss, the Court "need not accept as true legal

5    conclusions couched as factual allegations," *Wilson v. Craver*, 994 F.3d 1085, 1090 (9th Cir.

6    2021) (citing *Iqbal*, 556 U.S. at 678–79), and need not accept "unwarranted inferences," *Rogers*

7    *v. Cty. of Riverside*, 139 F.3d 907 (9th Cir. 1998) (internal citations omitted).

8    B.    Matters Outside of Complaint

9        In opposition to the motion to dismiss, Plaintiff submitted her sworn declaration, along

10    with various documents. Dkt. 29, p. 1, Exs. 1-5 (letter from RANDYS describing the logistics of

11    the termination; proposed separation agreement dated December 14, 2020 (signed by Kell

12    Schuman on behalf of RANDYS, but not signed by Plaintiff); and the Non-Compete, Arbitration,

13    and Confidentiality and Non-Disclosure Agreements signed by Plaintiff on March 20, 2017.

14        In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the

15    complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness*

16    *Network*, 18 F.3d 752, 754 (9th Cir.1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

17    *Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). Under the incorporation by reference doctrine,

18    the court may also consider documents "whose contents are alleged in a complaint and whose

19    authenticity no party questions, but which are not physically attached to the pleading." *Branch v.*

20    *Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by* 307 F.3d 1119, 1121

21    (9th Cir. 2002).

22        Thus, the Court may, and has considered the documents attached to Plaintiff's declaration

23    as these are referred to in her Amended Complaint and their authenticity is not in dispute.

REPORT AND RECOMMENDATION - 4

1    However, it is improper for the Court to consider the declaration itself without converting the

2    motion to dismiss into a motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th

3    Cir. 2003). Generally, summary judgment is inappropriate before the parties have had an

4    opportunity for discovery. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.

5    4 (9th Cir. 1987). When only one party seeks to convert a motion to dismiss into a motion for

6    summary judgment prior to discovery by offering additional exhibits and affidavits outside the

7    pleadings, a court may simply disregard any such submissions and decide the motion to dismiss

8    on the merits of the pleadings alone. Courts regularly decline to consider declarations and

9    exhibits submitted in support of or opposition to a motion to dismiss if they constitute evidence

10   not referenced in the complaint or not a proper subject of judicial notice. *See City of Royal Oak*

11   *Retirement System v. Juniper Networks, Inc*., 880 F.Supp.2d 1045, 1060 (N.D. Cal. 2012).

12          To the extent Plaintiff presented facts outside her Amended Complaint, those facts have

13   been excluded from the Court's analysis and conclusion that Plaintiff has failed to state a viable

14   claim of violation of RCW 49.62. Plaintiff argues in the alternative, that she be granted leave to

15   file a "more definite statement" to add the additional facts contained in her declaration.

16   C.    Request to Amend

17          "In general, a court should liberally allow a party to amend its pleading." *Atia v. United*

18   *States*, No. C14-1966-JLR, 2015 WL 1221505, at *2 (W.D. Wash. Mar. 17, 2015) (quoting

19   *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty*., 708 F.3d 1109, 1117 (9th Cir.

20   2013)). "Dismissal without leave to amend is proper, however, if any amendment would be

21   futile." *Atia*, 2015 WL 1221505, at *2 (citing *Sonoma Cnty. Ass'n of Retired Employees*, 708

22   F.3d at 1117).

23

Plaintiff argues that the Court should exercise its "judicial experience and common sense" and view the additional facts set forth in her declaration to "easily conclude that the intended purpose of providing an employee with a copy of a noncompetition agreement at the time of termination is to enforce its terms." Dkt. 28, p. 5.

The additional "context" provided by Plaintiff in her declaration is that she was admonished that she remained bound to the Non-Compete Agreement and would not be able to find employment in the automotive industry for the next eighteen months. Plaintiff also alleges that she was distraught, that RANDYS would sue her if she tried to find a job in the industry, and had every intention of complying with the Non-Compete Agreement until she consulted with an attorney and discovered that the Non-Compete Agreement was now unenforceable.

It is reasonable, as Plaintiff suggests, to conclude that RANDYS' intent at the time of her termination was that Plaintiff must continue to comply with the Non-Compete Agreement. However, the Court concludes that any amendment to include these additional contextual facts would be futile as Plaintiff has failed to state a claim for relief above the speculative level as Plaintiff has not alleged that RANDYS took any action to enforce the Non-Compete Agreement. Accordingly, and for the reasons explained below, the undersigned recommends that the motion to dismiss be granted without further leave to amend.

D.    RCW 49.62

Beginning January 1, 2020, non-compete agreements no longer apply to employees who earn less than $100,000 per year:

> A noncompetition covenant is void and unenforceable against an employee:
>
> * * *
>
> (b)    Unless the employee's earnings from the *party seeking*

REPORT AND RECOMMENDATION - 6

> *enforcement*, when annualized, exceed one hundred thousand dollars per
> year. This dollar amount must be adjusted annually in accordance with
> RCW 49.62.040[.] RCW 49.62.020, emphasis added.

An employee who previously signed a non-compete agreement that is unenforceable as of

January 1, 2020 may not sue the employer for the existence of the previously signed agreement

unless the employer attempts to enforce the agreement:

> A cause of action *may not* be brought regarding a noncompetition
> covenant signed prior to January 1, 2020, *if the noncompetition covenant
> is not being enforced*. RCW 49.62.080(4) (emphasis added).

RCW 49.62 defines an employer who is seeking enforcement as:

> "Party seeking enforcement" means the named plaintiff or claimant in a
> proceeding to enforce a noncompetition covenant or the defendant in an
> action for declaratory relief. RCW 49.62.010

At the time her employment was terminated in 2020, Plaintiff was making less than

$100,000 per year and therefore, the Non-Compete Agreement she signed in 2017 is no longer

enforceable. However, RCW 49.62 makes clear that the statute applies to a "party seeking

enforcement," which is statutorily defined as "the named plaintiff or claimant in a proceeding to

enforce a noncompetition covenant" or "the defendant in an action for declaratory relief."

Plaintiff argues that RANDYS is "a defendant in an action for declaratory relief" by virtue of her

newly asserted claim in the First Amended Complaint (or another amended complaint in which

she would assert a declaratory judgment action). However, Plaintiff does not allege that

RANDYS is "seeking enforcement" or that it has taken any steps to enforce the terms of the

Non-Compete since the date of her termination.

Plaintiff argues that RANDYS indicated its "intent" to enforce the terms of the

unenforceable Non-Compete Agreement when its Human Resources Manager admonished

Plaintiff that she had to honor the terms of the Non-Compete Agreement and not compete with

RANDYS anywhere in the country for 18 months. Plaintiff also argues that RANDYS' intent to enforce the terms of the unenforceable Non-Compete can be seen in the proposed separation agreement, which conditioned her acceptance of a severance on her acknowledgement and agreement that she would remain bound by the Non-Compete Agreement. Dkt. 29, Ex. 1, p. 3.

As previously noted, the proposed separation agreement is not signed by Plaintiff and shortly after her termination, Plaintiff obtained counsel and filed the original complaint, in which she alleged that she was given an "illegal non-competition agreement." Dkt. 1, ¶ 4.16. Plaintiff did not include a claim for violation of RCW 49.62 in her original complaint and/or allege that RANDYS had taken any steps to enforce the Non-Compete Agreement at that time. Similarly, she makes no such allegation in the First Amended Complaint.

Under the clear language of the statute, an employee who previously signed a non-compete agreement prior to January 1, 2020 *may not* bring a cause of action *if the noncompetition covenant is not being enforced*. RCW 49.62.080(4) (emphasis added). Even liberally construing Plaintiff's allegations that RANDYS wrongfully *intended to* enforce an invalid agreement, the undersigned concludes that Plaintiff has no actionable claim of violation of RCW 49.62 as there is simply no allegation that RANDYS has or *is* enforcing the Non-Compete Agreement.

<u>CONCLUSION</u>

Under RCW 49.62.080, Plaintiff may not allege a cause of action for violation of the statute because RANDYS is not enforcing the agreement. Therefore, the undersigned recommends that Defendant's motion to dismiss Plaintiff's claim regarding a non-compete agreement (Dkt. 23) be granted without further leave to amend.

REPORT AND RECOMMENDATION - 8

OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **September 23, 2021**. The Clerk should note the matter for **September 27, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of September, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9